People v Villena (2021 NY Slip Op 08260)





People v Villena


2021 NY Slip Op 08260


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02205
 (Ind. No. 939/15)

[*1]The People of the State of New York, respondent,
v
David P. Villena, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Douglas Wong, J.), rendered October 12, 2018, revoking a sentence of probation previously imposed by the same court (Leslie G. Leach, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the third degree.
ORDERED that the amended judgment is affirmed.
In April 2016, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree in exchange for a promised sentence of four years' probation with certain conditions. In October 2018, the Supreme Court conducted a hearing and found that the defendant had violated several conditions of probation. The court then revoked the sentence of probation and imposed a term of imprisonment of four years and a period of postrelease supervision of two years. The defendant appeals, arguing, among other things, that the sentence imposed was excessive.
Contrary to the People's contention, the defendant did not validly waive his right to appeal the excessiveness of the sentence imposed upon the amended judgment (see generally People v Thomas, 34 NY3d 545). Nonetheless, the sentence imposed upon the amended judgment was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (cf. CPL 470.15[6][a]).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court